The fourth case on our argument calendar today is Wood v. Security Credit Services. Mr. Casalo has told the court that he is unable to be present today. Is Ms. Strickler in court? All right, then we will pass that case, and it will be taken on the briefs, and turn to Mr. Budzinski. Good morning, Your Honors. Budzinski for Petitioner Vides. Three issues today, the defective notice to appear, nexus, and the late filed letters. Beginning with the defective notice to appear, the defect being no date and time, I'll be brief. We disagree with Ortiz-Santiago. We believe this is an issue of subject matter jurisdiction, not a claims processing rule. I understand the court's unlikely to reconsider its opinion on this, but the Supreme Court        I'm going to address it now. I'm going to address it now. I'm going to address it now. We believe this is an issue of subject matter jurisdiction, not a claims processing rule.   The court's unlikely to reconsider its opinion on this, but the Supreme Court We're not going to address the issue yet, and there are a couple cases on the docket that may be relevant. Campos, Chavez, and Singh. Respondent here argues that this issue was not exhausted below. However, subject matter jurisdiction cannot be waived or forfeited. Turning to nexus, our argument is that the wrong standard was applied. The Board of Immigration Appeals made an actual motive inquiry.  The Board of Immigration Appeals made an actual motive inquiry. This, we believe, is the wrong question, at least following Bostock. The statutes here use the language on account of, and because of. No mention of motive. Bostock is not an immigration case, but it considers the same language and held that they mean but for causation. This might seem like semantics and there might be some overlap, but it changes the question we're asking. Instead of asking why the persecutor acted and getting into his head to determine motive, we ask whether the harm would still happen absent the particular social groups. The social groups here are Salvadorans who have opposed or resisted gangs, Salvadorans who have opposed the Mara Salvatrucha, Salvadorans who have reported criminal groups to law enforcement, and also family and Vitus' family. I'm not sure what the difference between the two are, but that's what we have. On the first three, I think a but-for cause analysis is fairly straightforward. Of course, the Mara Salvatrucha won't harm Vitus if he assists them rather than opposes them. They said they would kill him if he didn't help with a gun to his head. On the last two, it's a little trickier, but Vitus believes the Mara Salvatrucha looked for him because of his relationship to his uncle. His uncle was also threatened. He was an attorney who represented gang members, apparently under duress, and Vitus had done work for his uncle. In other words, Vitus believes the only reason that his gang members were aware of him was because of this relationship. Turning to the last issue, the late filed letters, this is difficult for us. I understand immigration judges have broad discretion with filing deadlines. That said, we're not talking about a lot of documents. It maybe would have taken five minutes to read them and consider them, and there would have been no material delay or prejudice to the court or the Department of Homeland Security to consider them. If there are no further questions, I will reserve the rest of my time for rebuttal. Thank you, counsel. Mr. Needle. Good morning. May it please the court. Jonathan Needle, Department of Justice, on behalf of the respondent. In this case, the agency properly denied the applications for asylum and withholding of removal on the ground that the petitioner failed to establish the required nexus between the alleged persecution and his membership in a particular social group. In addressing the evidence, the agency reasonably found that the petitioner had failed to establish that his group membership was or will be a central reason for any past or future persecution. There's no basis for the petitioner's argument that the agency applied an incorrect legal standard to its nexus finding. In analyzing that issue, the agency properly relied on well-established precedent, including the Supreme Court's seminal decision in Elias Zacharias, as well as subsequent precedent from this court, as well as the board that articulates the one central reason test, which is based on the statutory language of the asylum statute. And so nexus is not simply a matter of but for causation. It has to be one, the protected characteristic has to be one central reason for the persecution, and that necessarily requires an analysis of the persecutor's motive. It is a fact-based determination. The court has affirmed that time and time again, that the question of motive is a question of fact that is subject to substantial evidence review, and that the protected characteristic under that standard has to be more than a minor incidental or tangential reason for the alleged persecution. So the petitioner here is raising a purely legal argument regarding the agency's application of the nexus standard, and as we argue, this legal argument is foreclosed by binding precedent. What he does not argue in his briefing is that the, is whether the agency's nexus finding is ultimately supported by substantial evidence. And so that issue has effectively been waived, but even if it wasn't, the record clearly shows that the agency reasonably determined that the petitioner's status as a member of the articulated social groups was not a central reason for the alleged harm. The agency instead found that it was the petitioner's, I'm sorry, it was the persecutor's interest in furthering their own criminal objectives, establishing why they targeted the petitioner for recruitment. The petitioner himself admitted that the gang viewed him as a suitable target for recruitment because of his personal characteristics, because he was a quiet, unassuming, and generally good person, and so the gang, and so authorities would not naturally suspect the petitioner as being a member of a criminal gang. And so that supports the agency's ultimate conclusion that the motivation of the persecutors was to further their own criminal objectives, and under the substantial evidence standard of review, the petitioner has failed to identify evidence that would compel a contrary conclusion. With respect to the denial of the supplemental evidence that the petitioner's counsel submitted on the day of the merits hearing, petitioner's counsel is correct that the agency has broad discretion as to whether to admit a documentation that was submitted in an untimely manner. There's no dispute that the petitioner was initially placed in immigration proceedings in 2016, that he appeared with his counsel at the initial hearing before the immigration judge in 2017. At the time, the petitioner was advised that he needed to comply with the court's filing deadlines to supplement his asylum application. He did comply with those deadlines with respect to certain documentary submissions that were submitted in the weeks prior to the merits hearing. However, the petitioner did not provide any justification or good cause as to why the two supplemental documents, two emails from family members, were not submitted before the actual day of the merits hearing. And in light of the petitioner's failure to articulate good cause for the untimely submission, the agency acted within its discretion, or the immigration judge acted within his discretion in rejecting the filing. And if there are no further questions from the panel, we would ask that the court deny the petition for review. Thank you, Mr. Needle. Mr. Brzezinski, anything further? Just briefly, Your Honors. We do acknowledge there is precedent discussing a mode of inquiry. Our argument is that following Vostok interpreting this language as a but-for-cause test, that would be no longer good law. We also do argue that there is no—the record is not—the conclusion on nexus is not supported by substantial evidence if we apply this but-for-cause test. Nothing further, Your Honors. Thank you. Thank you very much. The case is taken under advisement.